**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Pablo Sereno VILLASENOR,**
**Defendant—Appellant.**

No. 06–10734.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2007.*

Filed Nov. 14, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kimberly A. Sanchez, Fresno, CA, for Plaintiff–Appellee.

Melody M. Walcott, Esq., Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: THOMAS, TALLMAN, and IKUTA, Circuit Judges.

MEMORANDUM **

Pablo Sereno Villasenor appeals his convictions following a jury trial for manufacture of marijuana, conspiracy to manufacture marijuana, possession of a firearm in furtherance of a drug trafficking offense and conspiracy to possess a firearm in furtherance of a drug trafficking offense. We affirm. Because the parties are famil-

** This disposition is not appropriate for publication and is not precedent except as provid-

iar with the factual and procedural history of this case, we need not recount it here.

## I

The district court properly denied Sereno Villasenor's motion to suppress the statements he made during the raid on the marijuana grow operation. After conducting the campsite raid and apprehending Sereno Villasenor, the agents had legitimate concerns that there may have been other armed suspects or booby traps in the marijuana garden that posed a risk to their safety. The agents were therefore authorized to ask Sereno Villasenor about those dangers under the "public safety" exception to *Miranda*. Sereno Villasenor's initial statements at the Bishop police station were made in response to "routine booking questions," and thus did not give rise to a *Miranda* violation. *See Pennsylvania v. Muniz*, 496 U.S. 582, 601, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990); *United States v. Mata–Abundiz*, 717 F.2d 1277, 1280 (9th Cir.1983).

## II

The district court also properly denied Sereno Villasenor's motion for acquittal. There is sufficient evidence to support a conviction if, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

There was sufficient evidence on which a rational juror could have found

ed by 9th Cir. R. 36–3.

that Sereno Villasenor engaged in marijuana cultivation. Sereno Villasenor was apprehended in a remote location encamped 300 feet from a large marijuana garden. Physical evidence of active cultivation activity and Sereno Villasenor's own statements demonstrated his involvement in the grower operation. Such evidence provides ample support for the jury's verdict that Sereno Villasenor aided and abetted the manufacture of marijuana. *See United States v. Cordova Barajas,* 360 F.3d 1037, 1041 (9th Cir.2004).

■ There was also sufficient evidence to support Sereno Villasenor's conviction for possession of a firearm in furtherance of a drug trafficking offense. To prove that a defendant possessed a firearm in furtherance of drug trafficking, the government must show that (1) the defendant participated in the underlying drug trafficking; (2) the defendant possessed a firearm; and (3) the defendant's possession of the firearm was in furtherance of the drug trafficking. *United States v. Rios,* 449 F.3d 1009, 1012 (9th Cir.2006). Possession of a firearm "includes the ability and intent to exercise control" over the firearm. *United States v. Ruiz,* 462 F.3d 1082, 1088 (9th Cir.2006). Sereno Villasenor was found with two other individuals in a tent that contained three firearms, including sawed-off shotguns and ammunition readily at hand. Viewing the evidence in a light most favorable to the prosecution, a reasonable juror could have found that Sereno Villasenor possessed a firearm to protect the marijuana cultivation. *United States*

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*v. Long,* 301 F.3d 1095, 1105–06 (9th Cir. 2002).

**AFFIRMED.**